IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Hewitt, ) | C/A No. 0:17-2874-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER REGARDING** |
| v. ) | **AMENDMENT OF COMPLAINT** |
| ) | |
| Abbi Porter; Doctor Coy; John Doe; Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Steven Hewitt, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes the action is subject to summary dismissal if Plaintiff does not amend his Complaint.

I. **Factual and Procedural Background**

Plaintiff, and inmate at the Georgetown County Detention Center, indicates that on October 5, 2017, his psychological medication was discontinued without warning. He claims he was told that he stopped receiving the medications as punishment "since they could never find any pills in my cell when they searched." (Compl., ECF No. 1 at 6.) He claims the side effects of not taking this mediation can be dangerous and cause harm. He seeks damages, a temporary restraining order, and a preliminary injunction pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical needs.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

*PJG*

B. **Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff has failed to provide facts that would show that the defendants violated Plaintiff's constitutional rights, or that he is entitled to relief against them. Most importantly, Plaintiff provides no facts about any of the named defendants. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.' ") (quoting Vinnedge v. Gibbs, 550 F.2d, 928 (4th Cir. 1977)). Therefore, he fails to plausibly allege that the defendants violated his rights, which is necessary to state a claim pursuant to § 1983. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. The undersigned is giving Plaintiff **fourteen (14) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil

PJG

Procedure 15(a) that corrects the deficiencies identified above.[1]  If Plaintiff fails to file an amended complaint that corrects those deficiencies, the undersigned will recommend the action be summarily dismissed.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 7, 2017
Columbia, South Carolina

---

[1] Any amended complaint filed by Plaintiff is also subject to initial review by the court pursuant to 28 U.S.C. § 1915.